IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DAYS INNS WORLDWIDE, INC., )
)
      Plaintiff, )
)
  v. ) No. 06 C 2960
)
LINCOLN PARK HOTELS, INC., )
et al. )
)
      Defendants. )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

    This matter is before the court on the parties' motions for reconsideration. For the reasons stated below, we grant in part and deny in part the motions for reconsideration.

## BACKGROUND

    Plaintiff Days Inn Worldwide, Inc. ("DIW") claimed that it entered into a licensing agreement ("Agreement") with Defendant Lincoln Park Hotels, Inc. ("LPH"), under which LPH was authorized to operate a hotel ("Hotel") using trademarks owned by DIW ("Days Inn Marks"). DIW claimed that LPH failed to honor its insurance and indemnification obligations under the Agreement and LPH sold the Hotel to Defendant Gold Coast Investors ("GCI") without

1

obtaining DIW's consent. GCI then continued to operate the Hotel using the Days Inn Marks without the authorization of DIW. DIW brought the instant action and included in the complaint trademark infringement claims alleging violations of 15 U.S.C. § 1114(1)(a) and 15 U.S.C. § 1125(a) (Counts I and II), a trademark dilution claim based upon a violation of 15 U.S.C. § 1125(c) (Count III), an Illinois Deceptive Trade Practices Act ("IDTPA"), 815 ILCS 510/1 *et seq.*, claim (Count IV), an Illinois Consumer Fraud and Deceptive Business Practices Act ("Consumer Fraud Act"), 815 ILCS 505/1 *et seq.*, claim (Count V), a common law unfair competition claim (Count VI), an accounting claim (Count VII), an unjust enrichment claim (Count VIII), a breach of contract claim based upon a breach of the post-termination obligations (Count IX), a breach of contract claim based upon a breach of the obligation to pay recurring fees (Count X), a breach of contract claim for liquidated damages (Count XI), an alternative breach of contract claim for expectancy damages (Count XII), a breach of contract claim based upon a breach of the obligations to indemnify and defend DIW (Count XIII), a breach of contract claim based upon a breach of the insurance obligations (Count XIV), and a breach of guaranty claim against Defendant Richard Erlich ("Erlich") (Count XV).

On February 22, 2007, we granted DIW's motion for summary judgment on Counts I, II, III, IV, V, VI, IX, X, XI, XIII, XIV, and XV. We denied DIW's motion for summary judgment on the unjust enrichment claim and dismissed the claims in Counts VII, VIII, and XII as moot. We also granted DIW's motion for summary judgment in regard to liquidated damages plus interest and addendum liquidated

2

damages plus interest. In addition, we granted DIW's motion for summary judgment as to damages under the trademark claims and related state law claims and as to damages for unpaid recurring fees and interest. Finally, based upon the exceptional circumstances in this case and Defendants' knowing and willful misconduct, we awarded DIW $150,763.03 in attorneys' fees. Erlich and LPH have filed a joint motion for reconsideration and GCI has filed a separate motion for reconsideration. Defendants request that the court reconsider its ruling on February 22, 2007, pursuant to Federal Rule of Civil Procedure 59(e) ("Rule 59(e)") solely in regard to the award of attorneys' fee.

Although, DIW has not filed a separate motion to reconsider, DIW has stated in its answer to the motions for reconsideration that it seeks a reconsideration of the attorneys' fees award as well. Defendants have not objected to the manner of the presentation of DIW's motion, but rather have acknowledged DIW's motion and have responded to the motion. (LPH Reply 4). DIW has submitted a detailed explanation of DIW's proposed fee award calculation along with supporting documentation. Only Erlich and LPH have objected to the attorneys' fees award calculation and both have had the opportunity to review DIW's documentation and to respond in their reply briefs to DIW's position regarding the attorneys' fees award. (LPH Reply 5-7). Thus, DIW's motion for reconsideration as to attorneys' fees has been sufficiently briefed and we will proceed at this juncture to rule upon DIW's motion for reconsideration as well as Defendants' motions.

## LEGAL STANDARD

Rule 59(e) permits parties to file, within ten days of the entry of a judgment, a motion to alter or amend the judgment. Fed. R. Civ. P. 59(e). Rule 59(e) motions do not give a party the opportunity to rehash old arguments or to present new arguments or evidence "that could and should have been presented to the district court prior to the judgment." *Moro v. Shell Oil Co.,* 91 F.3d 872, 876 (7th Cir. 1996)(citing *LB Credit Corp. v. Resolution Trust Corp.,* 49 F.3d 1263, 1267 (7th Cir. 1995)). Rather, for a Rule 59(e) motion, the movant "'must clearly establish either a manifest error of law or fact or must present newly discovered evidence'" in order to be successful. *LB Credit Corp.,* 49 F.3d at 1267 (quoting *Fed. Deposit Ins. Corp. v. Meyer,* 781 F.2d 1260, 1268 (7th Cir. 1986)). The decision of whether to grant or deny a motion brought pursuant to Rule 59(e) "is entrusted to the sound judgment of the district court. . . ." *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996).

## DISCUSSION

Defendants argue that the court erred in failing to require DIW to file a motion for attorneys' fees and erred in failing to allocate the attorneys' fee award as to each count and each Defendant. Defendants also contend that the court erred in determining the amount of the attorneys' fee award.

I. Motion for Attorneys' Fees

Defendants argue that the court erred in failing to require DIW to file a motion

for attorneys' fees pursuant to Federal Rule of Civil Procedure 54(d)(2) ("Rule 54(d)(2)") and to consult with Defendants in accordance with Local Rule 54.3(d). Defendants request that the court strike the attorneys' fees award and require DIW to file documents and provide Defendants with information in accordance with Rule 54(d)(2) and Local Rule 54.3. Rule 54(d)(2) provides that "[c]laims for attorneys' fees and related nontaxable expenses shall be made by motion unless the substantive law governing the action provides for the recovery of such fees as an element of damages to be proved at trial." Fed. R. Civ. P. 54(d)(2)(A). Local Rule 54.3 provides procedures regarding attorneys' fees recoupment, such as procedures for resolving attorneys' fees disputes. LR 54.3.

In the instant action, Defendants argue that the court prematurely awarded attorneys' fees in the summary judgment ruling and that the court should have required DIW to file a motion for attorneys' fees and to meet and discuss the fee issue with Defendants. DIW originally sought attorneys' fees in its motion for summary judgment in December 2006. (D SJ. Mem. 15). DIW correctly points out that in response to DIW's motion for summary judgment, Defendants "did not oppose DIW's entitlement to attorneys' fees and costs in the event the Court grated summary judgment in its favor." (Ans. Mem. 1). DIW also correctly notes that the entry of an attorneys' fees award along with the ruling on the dispositive motions was based upon the court's familiarity with the case and the decision was made in an effort to spare the parties the additional expenses associated with briefing the attorneys' fees issues.

Defendants contend that at the time of the court's ruling on the dispositive motions, they were not provided with a sufficient opportunity to review billing records to assess a proper attorneys' fee award. However, to the extent that there was any prejudice to Defendants, that prejudice has been removed since DIW has presented in its answer to the motions for reconsideration a detailed explanation for the attorneys' fees calculation as well as supporting documentation. Defendants have also been given an opportunity to respond to DIW's position in Defendants' reply briefs. To the extent that Local Rule 54.3 provides for specific procedures regarding attorneys' fees, this court has discretion in determining if such procedures in the Local Rules are warranted in a particular instance. *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 923 n.4 (7th Cir. 1994)(stating that "[t]he district court's interpretation of its own rules is, of course, due considerable deference"). DIW has indicated that DIW's counsel has already met with Defendants' counsel and attempted to reach an agreement on the appropriate amount of fees, but the parties were unable to reach an agreement. (Ans. Mem. 2 n.1). Therefore, we conclude that the issues concerning attorneys' fees in this case have been sufficiently briefed by the parties at this stage and sufficient documentation has been presented by DIW for the issues to be resolved at this juncture. We conclude that no further filings or exchanges by the parties regarding attorneys' fees are necessary at this juncture to resolve the issue of attorneys' fees. Additional efforts by the parties would not promote judicial economy or the efficient operation of the judicial system. Therefore, we deny Defendants' request for additional filings and briefing in regard

to the issue of attorneys' fees.

II. Allocation of Attorneys' Fees Award

GCI argues that the court erred by failing to state for which counts the attorneys' fees were awarded and the amount allocated to each count. GCI contends that the "majority of improper acts were done by LPH and Erlich" and that it is not fair to hold GCI liable for the full attorneys' fee award. (GCI Reply 3). However, GCI cannot minimize its role in this matter. The undisputed facts based on the summary judgment filings showed that GCI was a knowing and willing partner with LPH and Erlich in the breach of the Agreement with DIW.

In addition, although GCI argues that this court must allocate damages by each count and each Defendant, in support of its allocation argument GCI erroneously states that "[t]he Seventh Circuit holds that 'the existence of a contractual provision obligating one party to pay attorney fees does not relieve the other of its burden to establish the reasonableness of the amount requested.'" (GCI Mot. 2). In actuality, the opinion from which GCI is quoting is a district court's opinion, which in turn is quoting an Illinois Appellate court's opinion, rather than a Seventh Circuit opinion. *See Chamberlain Mfg. Corp. v. Maremont Corp.*, 1995 WL 769782, at *2 (N.D. Ill. 1995)(quoting *Kaiser v. MEPC American Properties, Inc.*, 518 N.E.2d 424, 428 (Ill. App. Ct. 1987)). GCI cites no controlling precedent that shows that the allocation sought by GCI is required by law or is warranted in this case. (GCI Mot. 1-3).

DIW does not object to a limited allocation of some costs that can be attributed solely to LPH and Erlich, and DIW has provided documentation to show that $45,857.00 in attorneys' fees associated with the following briefing could be severable: (1) briefing of LPH's motion for a protective order, (2) DIW's motion to compel LPH and Erlich to comply with discovery requests, (3) LPH's motions for judgment on the pleadings and summary judgment, and (4) briefing on whether the court should exercise its discretion to declare DIW's right to indemnity and defense. Our prior attorneys' fee award was based upon the record before us at that juncture, and based upon the new documentation and representations presented by DIW, we agree that $45,857.00 can properly be allocated solely against LPH and Erlich. Defendants have failed, however, to show that any other changes need to be made in the allocation of the attorneys' fees award.

III. Amount of Attorneys' Fees Award

Defendants argue that the court should decrease the award of $150,763.03 in attorneys' fees to "an amount not in excess of $100,000" and DIW argues that the court should increase the award to $185,748.50. (LPH Reply 7); (DIW Ans. 2). A proper method for determining a reasonable amount of attorneys' fees is the lodestar method. *Farfaras v. Citizens Bank and Trust of Chicago*, 433 F.3d 558, 569 (7th Cir. 2006). Under the lodestar method, the court first calculates a lodestar amount, which "is arrived at by multiplying the number of hours reasonably expended on litigation by a reasonable hourly rate." *Id.* A rate for an attorney's work is deemed

reasonable if it is "the rate that lawyers of similar ability and experience in the community normally charge their paying clients for the kind of work in question." *Stark v. PPM America, Inc.*, 354 F.3d 666, 674-75 (7th Cir. 2004)(stating that "[t]he burden of proving the market rate is on the applicant"). The lodestar calculation cannot include work hours that were "excessive, redundant, or otherwise unnecessary." *Id.* at 674 (stating that "the hours claimed can be reduced by the number of hours spent litigating claims on which the party did not succeed to the extent they were distinct from claims on which the party did succeed").

Once the court has calculated the lodestar amount, "the district court may adjust the amount up or down to take into account various factors regarding the litigation." *Mathur v. Board of Trustees of S. Ill. Univ.*, 317 F.3d 738, 742 (7th Cir. 2003). Such factors include: (1) "the time and labor required," (2) "the novelty and difficulty of the questions," (3) "the skill requisite to perform the legal services properly," (4) "the preclusion of employment by the attorney due to acceptance of the case," (5) "the customary fee; whether the fee is fixed or contingent," (6) "time limitations imposed by the client or the circumstances," (7) "the amount involved and the results obtained," (8) "the experience, reputation, and ability of the attorneys," (9) "the 'undesirability' of the case," (10), "the nature and length of the professional relationship with the client," and (11) "awards in similar cases." *Id.* n.1. Defendants argue that the attorneys' fees award should be reduced. DIW contends, on the other hand, in response to the motion for reconsideration, that it has reviewed its billing records and has discovered that the amount of attorneys' fees awarded by the court is

$18,409.47 less than the actual costs for fees that should be charged to Defendants. DIW also contends that it has incurred additional fees in preparing the briefing for Defendants' motions for reconsideration.

### A. Hours of Work

DIW has provided the rates and documentation for the attorneys' fees that it now seeks. Defendants argue that many of the issues in this case were uncontested and that DIW's request is thus excessive based upon the time and labor required. We disagree. Based upon the amount of discovery that would reasonably be anticipated in a case like this and the research and filings associated with the cross motions for summary judgment and other motions, the amount of hours calculated by DIW is reasonable. DIW has presented billing records and an affidavit explaining DIW's proposed award of attorneys' fees, indicating that attorneys worked on issues regarding matters such as the permanent injunction order, a conflict of interest, and the dispostive motions. None of the hours appear to be redundant, unnecessary, or excessive. Therefore, we find the amount of hours calculated by DIW to be reasonable.

Defendants also argue that the legal issues presented in the instant action were not novel, that no real skill was required to perform legal services for DIW, and that the attorneys' fees award should be accordingly reduced. If this action had involved novel issues of law, more attorneys' fees than are currently listed in DIW's request could have reasonably been anticipated. The amount of hours included in DIW's

request is reasonable considering the legal issues presented in this case. Although Defendants attempt to minimize the instant action as a typical run-of-the mill case, DIW's attorneys clearly needed a certain degree of skill and knowledge to address the issues that arose in this case and to present DIW's position properly. Finally, Defendants argue that since DIW is a "long-time client of" the law firm that represented it in the instant action, the attorneys' fees award should be reduced since the law firm must have had previous knowledge concerning DIW's financial dealings. (LPH Reply 6). However, DIW has shown that none of the work listed in their request, which is based upon a unique set of facts in this case, was redundant or excessive. General familiarity by DIW's counsel with DIW's business agreements or business dealings would not mean that counsel could avoid the work listed in the documentation provided by DIW for this case. Therefore, based on the record before us, and after consideration of all of the above mentioned factors, we conclude that the amount of attorney work hours calculated by DIW is proper.

    B.  Hourly Rates

Defendants also argue that DIW's law firm charged excessive rates. DIW has provided a detailed explanation for the rates included in its fee request. We find that, based upon the record before us, the rates charged are reasonably close to those charged by attorneys of similar experience and backgrounds. Defendants specifically challenge the hourly rate of Paula Morency ("Morency"), which increased from $480 per hour to $510 per hour. (LPH Reply 7). However, DIW explains that Morency's

11

hourly rates increased in January 2007 as part of the ordinary course of business at the law firm and DIW has shown that her new rate does not appear to be excessive. Therefore, we find that based on the record before us, the hourly rates charged by DIW's attorneys were reasonable. Based on the above, Defendants have not provided sufficient justification to decrease the award of attorneys' fees and DIW has shown that its proposed increase in the award is appropriate. Therefore, we amend the award of attorneys' fees and award DIW the amount of $185,748.50 in attorneys' fees. We also note that DIW has referenced in its answer that it seeks recoupment for certain costs. Such costs should be submitted in an appropriate bill of costs to the court in accordance with Federal Rule of Civil Procedure 54(d)(1) and 28 U.S.C. § 1920.

## CONCLUSION

Based on the foregoing analysis, we grant in part and deny in part Defendants' motions for reconsideration and grant DIW's motion for reconsideration. Our order dated February 22, 2007, is amended to award DIW $185,748.50 in attorneys' fees. LPH and Erlich are jointly and severally liable for $45,857.00 in attorneys' fees, and GCI, LPH, and Erlich are jointly and severally liable for the remaining $139,891.50 of attorneys' fees.


_____
Samuel Der-Yeghiayan
United States District Court Judge


Dated: May 16, 2007